IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG C. ALEXANDER, | ) | CASE NO. 1:14-CV-1863 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KENNETH S. McHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule 72.2(b). The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Craig Alexander's ("Plaintiff" or "Alexander") application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*., is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Magistrate Judge recommends that the decision of the Commissioner be AFFIRMED.

**I. PROCEDURAL HISTORY**

Plaintiff was previously granted SSI benefits after a favorable August 2002 decision based on mood disorders. (Tr. 5, 50, 62). Plaintiff testified that his prior application did not involve a hearing before an administrative law judge ("ALJ"), but was based on an application alone. (Tr. 24). Alexander was incarcerated in 2009, at which point his benefits were discontinued. (Tr. 185-86). He was released in November 2011. (*Id.*).

Alexander filed the application for SSI benefits currently at issue around July 1, 2011, prior to his release from prison. (Tr. 5, 159-67). Plaintiff alleged he became disabled due to

1

suffering from depression, obsessive compulsive disorder ("OCD"), and polysubstance dependence. (Tr. 180).  The Social Security Administration denied Plaintiff's application on initial review and upon reconsideration. (Tr. 81-83, 89-91).

At Plaintiff's request, administrative law judge ("ALJ") Edmund Round convened an administrative hearing on February 25, 2013, to evaluate his application. (Tr. 16-39).  Plaintiff, represented by counsel, appeared and testified before the ALJ. (*Id*).  A vocational expert ("VE"), Stephan Davis, also appeared and testified. (*Id.*).

On May 10, 2013, the ALJ issued an unfavorable decision, finding Alexander was not disabled. (Tr. 5-12).  After applying the five-step sequential analysis,[1] the ALJ determined Plaintiff retained the ability to perform work existing in significant numbers in the national

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability."  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity–i.e., working for profit–she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

economy. (*Id*.).  Subsequently, Plaintiff requested review of the ALJ's decision from the Appeals Council. (Tr. 1).  The Appeals Council denied the request for review, making the ALJ's May 10, 2013, determination the final decision of the Commissioner. (Tr. 73-78).   Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 1383(c)(3).

## II. SUMMARY OF THE ALJ'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since July 1, 2011, the application date.

2. The claimant has the following severe impairments: major depressive disorder, obsessive compulsive disorder ("OCD"), personality disorder, and substance abuse disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of work at all exertional levels but with the following nonexertional limitations:

   - He is limited to low stress work.
   - He is precluded from work in public, including incidental contact such as a housekeeper or busboy would have.  Telephone contact is not considered public.
   - He is limited to superficial interaction with supervisors, co-workers, and the public.
   - He is precluded from tasks that involve fast-paced production environments such as assembly lines or piece rate work, strict time requirements, arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others.

5. The claimant has no past relevant work.

6. The claimant was born on February 13, 1968, and was 43 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has a limited education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

3

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 1, 2011.

(Tr. 7-12) (internal citations omitted).

### III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x. 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in

dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V. ANALYSIS

### A. Medical improvement standard

Plaintiff argues that the ALJ applied the incorrect legal standard when reviewing his disability application. Plaintiff asserts that because he was previously awarded benefits and those benefits were suspended for non-medical reasons—because he was incarcerated—the ALJ should have applied the seven-step medical improvement standard to determine whether he was entitled benefits following his release from prison. However, Alexander's argument misunderstands the law.

The court in *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1308-09 (D. Kan. 2007), succinctly set out the law with regard to the medical improvement standard and to termination of benefits due to incarceration:

> When an individual is receiving SSI, the Commissioner will conduct periodic reviews to determine whether that individual continues to meet the requirements of the law. 20 C.F.R. § 416.990. In conducting continuing disability reviews for SSI benefits, the Commissioner applies a seven-step sequential evaluation process to determine whether there has been medical improvement in the individual's impairment(s) that is related to ability to do work. 20 C.F.R. § 416.994. This is often called applying the "medical improvement" standard.
>
> Apart from the "medical improvement" standard, however, there are various reasons individuals may not be eligible for SSI benefits for which they would be

5

> otherwise eligible. 20 C.F.R. §§ 416.207-15. In passing Title XVI of the Act, Congress excluded from eligibility for SSI benefits "anyone who is an 'inmate in a public institution.' " *Schweiker v. Wilson*, 450 U.S. 221, 224, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981) (quoting 42 U.S.C. § 1382(e)(1)(A)). An "inmate in a public institution" includes individuals incarcerated in jail or prison. *Wilson*, 450 U.S. at 232, 101 S.Ct. 1074; *Powell v. Barnhart*, No. 05-2104, 2006 WL 3209933, *5 (E.D.Pa. Nov. 2, 2006); *Johnson v. Barnhart*, No. 04 CIV 5574 (HB), 2005 WL 2993933, *3-4 (S.D.N.Y. Oct.7, 2005). The Commissioner has promulgated regulations implementing the Act and providing that residents of public institutions may not receive SSI benefits. 20 C.F.R. § 416.211.
>
> The regulations provide that payment of SSI benefits may be suspended or terminated in certain circumstances. 20 C.F.R. §§ 416.1320-40. Payment of SSI benefits is suspended effective with the first full month an individual is a resident of a public institution. 20 C.F.R. § 416.1325. Benefits for which payments have been suspended will be resumed "effective with the earliest day of the month in which a recipient is no longer a resident of a public institution." 20 C.F.R. § 416.1325(b). However, benefits will be terminated "following 12 consecutive months of benefit suspension for any reason . . . effective with the start of the 13th month after the suspension began." 20 C.F.R. § 416.1335.
>
> Thus, when an individual is incarcerated for a period of more than twelve months, her SSI benefits will be terminated regardless of the presence or absence of medical improvement in her impairment(s).
>
> . . .
>
> Because this case involved a new application rather than a continuing disability review, the ALJ applied the five-step sequential evaluation process provided in 20 C.F.R. § 416.920 rather than the seven-step medical improvement standard provided in 20 C.F.R. § 416.994 for continuing disability reviews. There was no error in the failure to apply the medical improvement standard.

*See also Roark v. Comm'r of Soc. Sec.*, No. 1:10-CV-739, 2011 WL 6751190, at *11-12 (S.D. Ohio Nov. 29, 2011) ("[P]laintiff's incarceration rendered him ineligible for benefits and necessitated the filing of a new application to be evaluated under the five-step sequential analysis.").

Here, it is undisputed that Alexander's benefits were terminated when they had been suspended for 12 consecutive months as a result of his incarceration. As a result, Plaintiff was required to file a new SSI application covering a new period of eligibility which began following

his release from prison. It was appropriate for the ALJ to apply the five-step sequential evaluation process rather than the standard of review for continuing disability. Accordingly, Plaintiff's assignment of error is not well taken.

### B. The ALJ's duty to develop the record

Plaintiff also contends that the ALJ breached his duty to develop the record by failing to obtain the disability file produced in association with Plaintiff's 2002 grant of SSI benefits. In support of this argument, Plaintiff asserts that the ALJ's statements during the administrative hearing demonstrate that the record from the prior decision was relevant. Plaintiff points to the ALJ's statement that he would like to examine the medical records from the prior decision and would inquire as to whether they could be obtained. (Tr. 21-23). Plaintiff largely grounds his argument regarding the need for these records on the notion that they are relevant to the medical improvement analysis. However, the Court has already decided that the medical improvement standard is inapplicable here.

Alexander further represents that the ALJ should have provided his counsel with the names and addresses of medical providers that examined Plaintiff as part of his previous grant of benefits. Plaintiff claims that without the names of these medical sources from the ALJ, his counsel could not request the records.

The regulations explain that the ALJ will develop a claimant's medical history for at least 12 months preceding the month in which an application is filed, unless there is reason to believe that development of an earlier period is necessary. 20 C.F.R. § 416.912(d). The Commissioner will make "every reasonable effort" to help a claimant obtain medical reports, meaning one initial request and one follow up request to the medical source. *Id.*

Although the ALJ has a duty to ensure that a reasonable record has been developed, *see Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1111 (6th Cir. 1986), it is incumbent upon the claimant to provide an adequate record upon which the ALJ can make an informed decision regarding the claimant's disability status, *see Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). In the Sixth Circuit, it is well established that the plaintiff—not the ALJ—bears the ultimate burden to produce evidence in support of a disability claim. *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002); *Struthers v. Comm'r of Soc. Sec.*, 1999 WL 357818 at *2 (6th Cir. May 26, 1999) ("[I]t is the duty of the claimant, rather than the administrative law judge, to develop the record to the extent of providing evidence of mental impairment."). There is a special, heightened duty requiring the ALJ to develop the record only when the plaintiff is "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008).

In the present case, Plaintiff was represented by counsel during the administrative hearing, and therefore the ALJ did not have a heightened duty to develop the record. While the ALJ stated that he would attempt to obtain the record from Alexander's prior application, the ALJ also explained that he had "uneven success in getting old files" and admonished Plaintiff's counsel to obtain older medical records. (Tr. 37-38). The ALJ provided no guarantee that the ten-year-old record could be acquired.

Moreover, Plaintiff has not advanced any particularized argument that he was prejudiced by the ALJ's failure to obtain the prior record, aside from arguing that these records are relevant to a medical improvement analysis. Plaintiff vaguely suggests that a review of the previous file would prove helpful. The ALJ was not bound by the administration's 2002 disability finding and

was considering a new period of disability that began years later. (Tr. 5). Moreover, the ALJ assessed Plaintiff's inpatient hospitalization in 2002, which appears to have been tied to the prior grant of benefits. (Tr. 9, 25, 209-11). The ALJ acknowledged that early records were incomplete, but did not indicate that the record was inadequate to allow for a proper evaluation of the new application. (*Id.*). Plaintiff also underwent mental health treatment following the prior grant, and these treatment notes were before the ALJ. The Court does not find that Alexander was prejudiced or the ALJ at fault for not obtaining the ten-year-old administrative record. Other courts have been reluctant to fault ALJs for failing to secure further evidence where claimants have not shown how they were prejudiced by the ALJs' alleged shortcomings. *Perry v. Astrue*, No. CIV.A. 10-11004-DPW, 2012 WL 645890, at *13 (D. Mass. Feb. 27, 2012) (*citing Faria v. Comm'r of Soc. Sec.*, 187 F.3d 621 (1st Cir. 1998)).

The Second Circuit considered a similar argument in *DeChirico v. Callahan*, 134 F.3d 1177 (2d Cir. 1998), which Plaintiff cites in support of his request for remand. *DeChirico* involved a plaintiff whose benefits were terminated because he was incarcerated. *Id.* at 1179. The plaintiff reapplied for benefits, at which time plaintiff's counsel sent a letter requesting that the ALJ subpoena[2] his old disability file, stating only that there was material in the previous file that may be helpful in evaluating the new application. *Id.* at 1184. The ALJ did not issue the subpoena, and the Second Circuit nevertheless affirmed the denial of benefits, noting that "because DeChirico *was* represented by counsel, because the fact of his impairment was not in dispute, and because counsel offered no other reasons that the ten-year old file might be relevant,

---

[2] The *DiChirico* court noted that pursuant to 20 C.F.R. § 416.1450(d)(2) a party "who wish[es] to subpoena documents or witnesses must file a written request for the issuance of a subpoena with the administrative law judge . . . stat[ing] the important facts that the witness or document is expected to prove; and indicat[ing] why these facts could not be proven without issuing a subpoena." *Id.* at 1184.

9

we cannot say that the ALJ abused his discretion in failing to subpoena it on his own initiative."

*Id.*

Despite Plaintiff's reference to *DiChirico*, the case also supports the conclusion that remand is not necessary under the circumstances here. Alexander's counsel did not go as far as requesting that the ALJ subpoena the earlier file, but did ask the ALJ to locate it. Nevertheless, counsel failed to indicate the relevance of the records or why a failure to obtain them would prejudice his client. The fact of Alexander's impairment is not in dispute. As previously noted, medical records following the 2002 grant of benefits shed adequate light on Alexander's current residual functional capacity such that it is not clear to the Court that the ALJ's failure to consider the prior file prejudiced Alexander.

In regard to the ALJ's failure to provide Plaintiff with the names of and contact information for treatment providers, it has been long recognized, that "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). As previously noted, the ALJ instructed Plaintiff's counsel that it was his responsibility to obtain old medical records and he was in the best position to do so. (Tr. 38). The Court agrees with the Commissioner that the task of obtaining names of and information from prior medical providers fell to Plaintiff and his counsel, not the ALJ.

## VI. DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: June 23, 2015.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).