PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG C. ALEXANDER, | ) | |
| | ) | CASE NO.  1:14CV01863 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 17] |

An Administrative Law Judge ("ALJ") denied Plaintiff Craig C. Alexander's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing held on February 25, 2013.  That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Kenneth S. McHargh for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  After both parties filed briefs, the magistrate judge submitted a Report and Recommendation reasoning that the Commissioner's decision that Plaintiff is not disabled should be affirmed.  *See* ECF No 15.  Plaintiff filed Objections.  ECF No. 17.  For the reasons that follow, Plaintiff's Objections are overruled and the Court adopts the Report and Recommendation of the magistrate judge.

(1:14CV01863)

## I.

When the magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report and Recommendation to which an appropriate objection has been made.  28 U.S.C. § 636(b).  Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supports the Commissioner's decision.  The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978) (discussing the standard of review a district court should apply when reviewing a magistrate judge's findings in an SSI claim); *see also Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522–23 (6th Cir. 2003) (same).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*,

2

(1:14CV01863)

708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed

even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to

administrative decision makers.  It presupposes that there is a zone of choice within which the

decision-makers can go either way, without interference by the courts.  An administrative

decision is not subject to reversal merely because substantial evidence would have supported an

opposite decision."  *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In

determining, however, whether substantial evidence supports the ALJ's findings in the instant

matter, the court must examine the record as a whole and take into account what fairly detracts

from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

The court must also consider whether the Commissioner employed the proper legal standards.

*Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that she is

unable to engage in substantial activity due to the existence of "a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than twelve months."  *See* 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  The claimant's impairment must prevent her from doing her

previous work, as well as any other work existing in significant numbers in the national

economy.  42 U.S.C. § 423(d)(2)(A).  Under 42 U.S.C. § 1381, disabled individuals who meet

certain income and resources requirements are entitled to SSI benefits.  20 C.F.R. §§ 416.1100

and 416.1201.

3

(1:14CV01863)

## II.

Plaintiff outlines four objections.  Plaintiff objects to the magistrate judge's failure to

conclude that:

> The ALJ breach[ed] his duty to develop the record by failing to: (1) obtain the
> August 2002 file that contained medical evidence and resulted in a favorable
> decision; (2) provide counsel with the names and addresses of medical provider(s)
> that examined Plaintiff prior to making the favorable decision; (3) disclose what
> efforts he or his staff took to obtain the medical records; and (4) provide counsel
> an opportunity to comment on the failure to produce the file.

ECF No. 17 at PageID #: 769.  The Court reviews the Objections *de novo*.


### A.  Plaintiff's First Objection

Plaintiff makes much of the ALJ's inability to obtain Plaintiff's 2002 SSI file.  In 2002,

Plaintiff had been granted SSI benefits, without a hearing and after a favorable August 2002

decision based on Plaintiff's mood disorders.  Transcript, ECF No. 10 at PageID #:73-75, 113.

Upon Plaintiff's incarceration in February 2009, Plaintiff's benefits were terminated.  *Id.*  In

November 2011, Plaintiff was released from prison.  *Id.* at PageID #: 60.

On July 1, 2011, prior to his release from prison, Plaintiff filed the instant application for

SSI benefits claiming disability due to depression, obsessive compulsive disorder ("OCD") and

polysubstance dependence.  *Id.* at PageID#: 56-58. In denying Plaintiff's application, the ALJ

was under no obligation to procure Plaintiff's prior SSI file or rely on the prior decision to award

Plaintiff benefits.  *Id.* at PageID#: 56.  The ALJ must engage in a "careful endeavor" to

"ascertain the truth." *Richardson v. Perales*, 402 U.S. 389, 402 (1971).  Regulations require the

ALJ to develop a claimant's medical history for at least 12 months preceding the month in which

4

(1:14CV01863)

an application is filed, unless there is reason to believe that development of an earlier period is necessary.  20 C.F.R. § 416.912(d).  Because Plaintiff was imprisoned for more than 12 months from February 2009 to November 2011, he no longer met the durational requirements of the Social Security Act, and his benefits were terminated.  *See* C.F.R. §§ 416.905, 416.909 (impairment must last for a continuous period of 12 months, excluding months in which claimant is a resident of a public institution); *see also Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  The ALJ, therefore, was only required to seek records from as far back as July 2010.  It is true that on the record, during the hearing, Plaintiff made the ALJ aware of Plaintiff's prior grant of benefits in 2002.  ECF No. 10 at PageID#: 72.  The ALJ stated he would try his best to locate the old file because it could be helpful, but the ALJ could not guarantee that he would ultimately access the file because of his inconsistent success in procuring ten year old non-electronic files in the past.  ECF No. 10 at PageID #: 72-74, 89.  The ALJ was ultimately unable to locate the file.

Nonetheless, while the ALJ has a basic duty to develop a full and fair record, the claimant bears the burden of establishing disability by preponderance of the evidence.  *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002); *Struthers v. Comm'r of Soc. Sec.*, 1999 WL 357818 at *2 (6th Cir. May 26, 1999) ("[I]t is the duty of the claimant, rather than the administrative law judge, to develop the record to the extent of providing evidence of mental impairment.").  Additionally, an ALJ has a heightened duty to develop the record if the claimant is "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008).

5

(1:14CV01863)

Here, Plaintiff had counsel who zealously represented him at the administrative level, so the heightened duty does not apply.

Furthermore, even if the ALJ had been able to obtain the 2002 file, its relevance to the current application has not been established.  In the instant application, Plaintiff alleged disability dating back not to 2002, but to 2005.  ECF No. 10 at PageID #:56.  Even so, the ALJ was required to start his disability inquiry only from 2010.  Without offering an explanation for how the ALJ's inability to procure the file from 2002 harmed him, Plaintiff cannot show that the ALJ's decision should be disturbed.  *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination")(internal citations omitted)).

### B.  Plaintiff's Second Objection

Plaintiff argues that the ALJ failed to provide counsel with the names and addresses of the medical provider(s) for his 2002 SSI file.  Again, Plaintiff confuses which party carries the burden of proof.  Plaintiff correctly states that it is the ALJ's responsibility to develop the record to ensure that the claimant has a full and fair hearing.  *See Duncan v. Sec'y of HHS*, 801 F.2d 847, 856 (6th Cir. 1986).  But, again, the Sixth Circuit has recognized "a special duty to ensure that a full and fair administrative record is developed" when a claimant is not represented by counsel, a fact scenario not present here.  *Id.*  It is incumbent upon the claimant to provide an adequate record upon which the ALJ can make an informed decision regarding the claimant's disability status.  *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) ("The burden of providing a complete record, defined as evidence complete and detailed

6

(1:14CV01863)

enough to enable the Secretary to make a disability determination, rests with the claimant")

(citing 20 C.F.R §§ 416.912, 416.913(d)).  "It is not unreasonable to require the claimant, who is

in a better position to provide information about his own medical condition, to do so."  *Bowen v.*

*Yackert*, 482 U.S. 137, 146 n.5 (1987).  The ALJ informed Plaintiff that it was Plaintiff's

responsibility to obtain old medical records as he was in the best position to do so.  ECF No. 10

at PageID#: 89.  That Plaintiff could not recall the names of his medical providers from 2010

does not then shift the burden of proof to the ALJ.

### C.  Plaintiff's Third Objection

Plaintiff argues that the ALJ erred because he failed to disclose what efforts he or his staff

took to obtain the medical records.  The ALJ never promised Plaintiff that he would procure the

records from 2002, but rather stated "I will see whether my staff can do its magic."  *Id.* at

PageID#: 73.   In fact, the ALJ informed Plaintiff that his counsel was in a better position to

obtain old files.  *Id.* at PageID#: 76, 89.  Plaintiff cites no regulation or case law to support the

proposition that the ALJ must disclose efforts used to obtain medical records that were not within

the twelve-month review period or whose relevancy had not been otherwise established.

Plaintiff attempts to rely on a case out of the Second Circuit for the proposition that an

ALJ need not only develop a claimant's complete medical history for at least the twelve-month

period prior to the filing of his application, but also must gather such information for a longer

period if there was *reason to believe that the information was necessary to reach a decision.*"

*DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2nd Cir. 1998) (emphasis added) (citing 42 U.S.C.

Sec. 423(d)(5)(B) (as incorporated by 42 U.S.C. § 1382c(a)(3)(G)); 20 C.F.R. § 416.912(d)).  In

(1:14CV01863)

*DeChirico*, however, the court found that the ALJ was under no obligation to procure the prior

files of the formerly incarcerated plaintiff who had once received benefits, given that the plaintiff

was represented by counsel and counsel failed to provide adequate information to subpoena the

old records, stating only that he believed the old files may be relevant.  *DeChirico*, 134 F.3d at

1184.  The ALJ did not issue the subpoena, and the court nevertheless affirmed the denial of

benefits, noting that "because DeChirico *was* represented by counsel, because the fact of his

impairment was not in dispute, and because counsel offered no other reasons that the ten year old

file might be relevant, we cannot say that the ALJ abused his discretion in failing to subpoena it

on his own initiative."  *Id.* (emphasis in original).

Here, there was no request for the issuance of a subpoena, so the holding of *DeChirico*

has even greater weight.  Counsel failed to explain the relevance of the old files or how his client

would be prejudiced if the old files were not included for review.  Even so, the ALJ assessed

Plaintiff's inpatient hospitalization in 2002, which appears to have been connected to his prior

grant of benefits.  ECF No. 10 at PageID#: 60, 76.  Although the ALJ acknowledged that early

records were incomplete (ECF No. 10 at 260-62), this incompleteness did not mean the record

was inadequate to allow for a proper evaluation of the new application.  *Id.*  Plaintiff's

impairments are major depressive disorder, obsessive compulsive disorder, personality disorder,

and substance abuse disorder in reported remission.  *Id.* at PageID#: 58.  These impairments are

not in dispute.   The Court does not find that Plaintiff was prejudiced or that the ALJ failed to

develop the record as a result of his inability to locate the ten-year old file.  Again, Plaintiff

carries the burden of proof, not the ALJ.

8

(1:14CV01863)

### D.  Plaintiff's Fourth Objection

Plaintiff argues that the ALJ failed to provide counsel an opportunity to comment on the failure to produce the 2002 file.  Not only is the ALJ under no such obligation, but Plaintiff raises this argument for the first time in his objections.  Issues raised for the first time in an objection will not be considered by the Court.  *See U.S. v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) ("issues raised for the first time in objections to [a] ... report and recommendation are deemed waived").

### III.

For the reasons discussed above, Plaintiff's Objections (ECF No. 17) are overruled.  The Report and Recommendation is hereby adopted.  The decision of the Commissioner is affirmed.  Judgment will be entered in favor of Defendant.


IT IS SO ORDERED.


  August 31, 2015                                     */s/ Benita Y. Pearson*
Date                                                        Benita Y. Pearson
                                                               United States District Judge